**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| LUCY KELLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  2:23-cv-02201 |
| | ) | |
| STARCORP, LLC d/b/a HARDEE'S | ) | Judge Colin Stirling Bruce |
| RESTAURANTS, | ) | |
| | ) | Magistrate Judge Eric I. Long |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE
<u>DEFENSE TO PLAINTIFF'S COMPLAINT</u>**

Defendant, StarCorp, LLC, by its attorneys, Kristine S. Phillips and Amanda A. Walsh of

O'Hagan Meyer LLC, for its Answer and Affirmative Defense to Plaintiff's Complaint, states as

follows:

**<u>ANSWER</u>**

<u>Nature of Plaintiff's Claims</u>

1.     Plaintiff brings this action under the Americans with Disabilities Act of 1990
("ADA"), 42 U.S.C. §12101 *et seq*., seeking redress for Defendant's discrimination on the basis
of Plaintiff's disability and Defendant's disability-based harassment.

**<u>ANSWER</u>:     Defendant denies that any claims under the ADA have been alleged.**

2.     Plaintiff is further seeking redress for racial discrimination in violation of Title VII
of the Civil Rights Act of 1964 ("Title VII").

**<u>ANSWER</u>:     Defendant denies that any claims under Title VII have been alleged**

<u>Jurisdiction and Venue</u>

3.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the
ADA and Title VII are federal statutes.

**<u>ANSWER</u>:     Defendant admits only that jurisdiction has been alleged.**

4.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion
of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**ANSWER:**     **Defendant admits only that venue has been alleged.**

Administrative Prerequisites

5.      All conditions precedent to jurisdiction have been satisfied.

**ANSWER:**      **Defendant has insufficient information or knowledge to either admit or deny the allegations of whether all conditions precedent have been satisfied and therefore, demands strict proof thereof.**

6.      A charge of employment discrimination on the basis of race and disability were filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

**ANSWER:**     **Defendant admits only that Exhibit A purports to be a copy of an EEOC charge by Plaintiff, alleging race and disability discrimination and to the extent the allegations in this paragraph are inconsistent with Exhibit A, they are denied. Defendant has insufficient information or knowledge to either admit or deny the allegations of whether the charge was filed with the Illinois Department of Human Rights and therefore, demands strict proof thereof.**

7.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B") and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**ANSWER:**     **Defendant admits only that Exhibit B purports to be a copy of the EEOC Determination and Notice of Rights issued to Plaintiff and to the extent the allegations in this paragraph are inconsistent with Exhibit B, they are denied. Defendant has insufficient information or knowledge to either admit or deny the remaining allegations in this paragraph and therefore, demands strict proof thereof.**

Parties

8.      Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Decatur, Illinois.

**ANSWER:**     **Defendant has insufficient information or knowledge to either admit or deny the allegations in this paragraph and therefore, demands strict proof thereof.**

9.      Defendant is a limited liability company that owns and operates a Hardee's fast food restaurant in Decatur, Illinois.

**ANSWER:**     **Defendant admits the allegations in this paragraph.**

10.     Plaintiff was employed by Defendant as an "employee" as that term is defined by the ADA.

**ANSWER:**     **Defendant admits only that Plaintiff is an "employee" within the meaning of the ADA but denies that any claims under the ADA have been alleged.**

11.     Plaintiff was employed by Defendant as an "employee" as defined by 42 U.S.C. §2000e(f).

**ANSWER:**     **Defendant admits only that Plaintiff is an "employee" within the meaning of the ADA but denies that any claims under the ADA have been alleged.**

12.     During the relevant time period, Defendant had at least fifteen employees, was an "employer" as defined by ADA, and was engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

**ANSWER:**     **Defendant admits only that Defendant is an "employer" within the meaning of the ADA but denies that any claims under the ADA have been alleged.**

13.     During the relevant time period, Defendant had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce.

**ANSWER:**     **Defendant admits only that Defendant is an "employer" within the meaning of Title VII but denies that any claims under the ADA have been alleged.**

<u>Factual Allegations</u>

14.     Plaintiff (Caucasian/Female/Disabled) was employed by Defendant as a Shift Manager on or about March 14, 2023 until her unlawful constructive termination on or about March 27, 2023 on the basis of her race and disability.

**ANSWER:**     **Defendant admits only that Plaintiff was hired on March 15, 2023. Defendant denies the remaining allegations and legal conclusions in this paragraph.**

15.     As a Shift Manager, Plaintiff's duties included, but were not limited to, the following:

- Supervising staff throughout the shift;
- Controlling and monitoring inventory levels;
- Balancing payroll, balancing the register, and assisting with Company books; and
- Assisting guests with needs and complaints as necessary.

**ANSWER:**     **Defendant denies the allegations in this paragraph.**

16.     Plaintiff suffers from a physical impairment, specifically dwarfism, a recognized disability under the ADA.

**ANSWER:**     **Defendant has insufficient information or knowledge to either admit or deny the allegations in this paragraph and therefore, demands strict proof thereof.**

> **Defendant denies having notice that Plaintiff suffered from a disability within the meaning of the ADA.**

17. This physical impairment substantially limits Plaintiff's major life activities.

**ANSWER:** **Defendant has insufficient information or knowledge to either admit or deny the allegations in this paragraph and therefore, demands strict proof thereof. Defendant denies having notice that Plaintiff suffered from a disability within the meaning of the ADA.**

18. Despite her disability, Plaintiff was qualified and able to perform the essential functions of her job, with or without reasonable accommodation.

**ANSWER:** **Defendant has insufficient information or knowledge to either admit or deny the allegations in this paragraph and therefore, demands strict proof thereof. Defendant denies having notice that Plaintiff suffered from a disability within the meaning of the ADA.**

19. Plaintiff is "qualified individual" as defined under the ADA.

**ANSWER:** **Defendant has insufficient information or knowledge to either admit or deny the allegations in this paragraph and therefore, demands strict proof thereof. Defendant denies having notice that Plaintiff suffered from a disability within the meaning of the ADA.**

20. Plaintiff is also a member of a protected class due to her race, Caucasian.

**ANSWER:** **Defendant admits that it was aware of Plaintiff's race, Caucasian, at the time Plaintiff was employed by it.**

21. On or about March 14, 2023, Plaintiff was hired by Defendant to work as a Shift Manager at the Decatur, IL location.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

22. Upon her hire, Plaintiff was given a manager shirt.

**ANSWER:** **Defendant admits only that upon Plaintiff's hire, Plaintiff was given a manager shirt because the store did not have a crew member shirt available and that at Plaintiff's next scheduled shift, Plaintiff was given a crew member shirt.**

23. Plaintiff began work on or about March 15, 2023.

**ANSWER:** **Defendant admits only that Plaintiff was hired and began working on March 15, 2023.**

24.     Beginning on her very first day of work, Plaintiff's supervisor, Quita (African-American/LNU), began discriminating against Plaintiff on the basis of her disability and race.

**ANSWER:**     **Defendant denies the allegations and legal conclusions in this paragraph.**

25.     Supervisor Quita called Plaintiff "Oompa Loompa" on a daily basis.

**ANSWER:**     **Defendant denies the allegations in this paragraph.**

26.     Moreover, Supervisor Quita shamelessly made comments about the size of Plaintiff's hands and feet.

**ANSWER:**     **Defendant denies the allegations in this paragraph.**

27.     Supervisor Quita even went as far as saying, "You look like you work in the Willy Wonka Factory".

**ANSWER:**     **Defendant denies the allegations in this paragraph.**

28.     Supervisor Quita laughed at Plaintiff and ridiculed Plaintiff's disability on a daily basis.

**ANSWER:**     **Defendant denies the allegations in this paragraph.**

29.     Not only did Supervisor Quita discriminate against Plaintiff based on her disability, but she also discriminated against Plaintiff on the basis of her race.

**ANSWER:**     **Defendant denies the allegations and legal conclusions in this paragraph.**

30.     Specifically, every time Supervisor Quita ingested a food that did not meet her satisfaction, she would walk over to Plaintiff and say, "this tastes like white people sh*t", before aggressively throwing the food in the trash closest to Plaintiff.

**ANSWER:**     **Defendant denies the allegations in this paragraph.**

31.     On or about March 17, 2023, other members of Defendant's upper management began humiliating and discriminating against Plaintiff.

**ANSWER:**     **Defendant denies the allegations and legal conclusions in this paragraph.**

32.     For example, Supervisor Lakoya Jackson (African American) ordered Plaintiff to take off her manager shirt and hand it over to a new African-American employee.

**ANSWER:**     **Defendant admits only that upon Plaintiff's hire, Plaintiff was given a manager shirt because the store did not have a crew member shirt available and that at Plaintiff's next scheduled shift, Plaintiff was given a crew member shirt. Defendant denies the remaining allegations and factual conclusions in this paragraph.**

33.     Plaintiff was mortified and embarrassed that she was being forced to publically [*sic*] remove her clothing, but reluctantly complied with the request out of fear of losing her job.

**ANSWER:**     **Defendant admits only that upon Plaintiff's hire, Plaintiff was given a manager shirt because the store did not have a crew member shirt available and that at Plaintiff's next scheduled shift, Plaintiff was given a crew member shirt. Defendant denies the remaining allegations and factual conclusions in this paragraph.**

34.     Supervisor Lakoya Jackson then handed Plaintiff a regular shirt (non-managerial) and told her to go work as a cashier despite the fact that Plaintiff was a manager.

**ANSWER:**     **Defendant admits only that upon Plaintiff's hire, Plaintiff was given a manager shirt because the store did not have a crew member shirt available and that at Plaintiff's next scheduled shift, Plaintiff was given a crew member shirt since Plaintiff was hired as a cashier. Defendant denies the remaining allegations in this paragraph.**

35.     Other similarly situated managers not of Plaintiff's protected classes were not subject to this same treatment.

**ANSWER:**     **Defendant denies the allegations and legal and factual conclusions in this paragraph and denies that Plaintiff has asserted any claims under the ADA or Title VII.**

36.     Defendant's employees' treatment and comments were highly embarrassing and humiliating to Plaintiff.

**ANSWER:**     **Defendant denies the allegations and factual conclusions in this paragraph.**

37.     Supervisor Lakoya Jackson made it clear that she did not believe Plaintiff was fit for a managerial position due to her disability (dwarfism) and Plaintiff was ultimately demoted on the basis of her disability.

**ANSWER:**     **Defendant denies the allegations and factual conclusions in this paragraph.**

38.     Other employees without a disability were treated more favorably than Plaintiff and not subjected to the same scrutiny.

**ANSWER:**     **Defendant denies the allegations and legal and factual conclusions in this paragraph and denies that Plaintiff has asserted any claims under the ADA.**

39.     On March 27, 2023, fed up with the incessant disability and race based harassment and adverse employment actions, Plaintiff resigned from her position with Defendant as her mental health was quickly deteriorating due to the hostile work environment.

**ANSWER:**    **Defendant denies the allegations and legal and factual conclusions in this paragraph and denies that Plaintiff has asserted any claims under the ADA or Title VII.**

Damages

40.    As a result of Defendant's conduct as set forth herein, Plaintiff suffered adverse employment action in the form of constructive discharge.

**ANSWER:**    **Defendant denies the allegations and legal conclusions in this paragraph.**

41.    As a result of Defendant's conduct, Plaintiff suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, mental anguish, emotional distress, decreased self-esteem, and loss of enjoyment of life.

**ANSWER:**    **Defendant denies the allegations and factual conclusions in this paragraph and denies that Plaintiff has suffered any damages as asserted or to the extent alleged.**

Count I<br>Violations of the Americans with Disabilities Act<br>(Disability-Based Discrimination)

42.    Plaintiff incorporates all preceding Paragraphs as if fully stated herein.

**ANSWER:**    **Defendant restates its answers and denials to all preceding Paragraphs as though fully stated herein.**

43.    By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the ADA.

**ANSWER:**    **Defendant denies the allegations and legal conclusions in this paragraph.**

44.    As set forth above, Plaintiff met or exceeded performance expectations.

**ANSWER:**    **Defendant denies the allegations and factual conclusions in this paragraph.**

45.    Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class (non-disabled employees) as the employees without disabilities were not ridiculed on a daily basis or demoted without a valid basis.

**ANSWER:**    **Defendant denies the allegations and legal conclusions in this paragraph.**

46.    As set forth above, Defendant incessantly ridiculed Plaintiff's disability and ultimately constructively terminated Plaintiff's employment on the basis of Plaintiff's disability.

**ANSWER:**    **Defendant denies the allegations and legal conclusions in this paragraph.**

47.     Defendant's conduct towards Plaintiff illustrated a willful and/or reckless violation of the ADA and Plaintiff's rights under the ADA.

**ANSWER:**     **Defendant denies the allegations and legal conclusions in this paragraph.**

48.     As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**ANSWER:**     **Defendant denies the allegations and factual conclusions in this paragraph and denies that Plaintiff has suffered any damages as asserted or to the extent alleged.**

WHEREFORE, Defendant, StarCorp, LLC, prays that this Honorable Court enter judgment in its favor and against the Plaintiff, Lucy Keller, denying and dismissing Count I of her Complaint, with costs assessed against the Plaintiff, and any other relief to which this Court deems equitable and just.

Count II
Violations of the Americans with Disabilities Act
(Disability-Based Harassment)

49.     Plaintiff incorporates all preceding Paragraphs as if fully stated herein.

**ANSWER:**     **Defendant restates its answers and denials to all preceding Paragraphs as though fully stated herein.**

50.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of Plaintiff's disability in violation of the ADA.

**ANSWER:**     **Defendant denies the allegations and legal conclusions in this paragraph.**

51.     Defendant knew or should have known of the harassment as the harassment was committed by management and in plain view of management.  Specifically, as set forth above, individuals with supervisory/management roles (Supervisors Quita and Lakoya) actively participated in the harassment.

**ANSWER:**     **Defendant denies the allegations and legal and factual conclusions in this paragraph.**

52.     The disability-based harassment was severe and pervasive.

**ANSWER:**     **Defendant denies the allegations and legal conclusions in this paragraph.**

53.     The disability-based harassment was objectively offensive as it would have offended any reasonable person in Plaintiff's shoes.

**ANSWER:     Defendant denies the allegations and legal and factual conclusions in this paragraph.**

54.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

**ANSWER:     Defendant denies the allegations and legal conclusions in this paragraph.**

55.     As set forth above, Plaintiff suffered damages as a result of Defendant's disability-based harassment.

**ANSWER:     Defendant denies the allegations and factual conclusions in this paragraph and denies that Plaintiff has suffered any damages as asserted or to the extent alleged.**

WHEREFORE, Defendant, StarCorp, LLC, prays that this Honorable Court enter judgment in its favor and against the Plaintiff, Lucy Keller, denying and dismissing Count II of her Complaint, with costs assessed against the Plaintiff, and any other relief to which this Court deems equitable and just.

Count III
Violation of Title VII of the Civil Rights Act of 1964
(Race-Based Discrimination)

56.     Plaintiff incorporates all preceding Paragraphs as if fully stated herein.

**ANSWER:     Defendant restates its answers and denials to all preceding Paragraphs as though fully stated herein.**

57.     Title VII prohibits employers from discriminating against employees with respect to her or his compensation, terms, conditions, or privileges of employment, because of her or his race, color, religion, or national origin.

**ANSWER:     The allegations in this paragraph call for a legal conclusion to which no answer is required. To the extent the allegations in this paragraph call for an answer, they are denied.**

58.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, Caucasian, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

**ANSWER:     Defendant denies the allegations and legal conclusions in this paragraph.**

59.     As set forth above, Defendant's manager discriminated against Plaintiff on basis of her race by repeatedly making racially charged comments such as "this tastes like white people sh*t" when referencing food that was not up to her satisfaction.

**ANSWER:**     Defendant denies the allegations and legal conclusions in this paragraph.

60.     Moreover, Defendant discriminated against Plaintiff on basis of her race by demoting Plaintiff.

**ANSWER:**     **Defendant denies the allegations and legal and factual conclusions in this paragraph.**

61.     Defendant's conduct towards Plaintiff illustrated a willful and/or reckless violation of Title VII.

**ANSWER:**     Defendant denies the allegations and legal conclusions in this paragraph.

62.     As set forth above, Plaintiff suffered damages as a result of Defendant's race-based discrimination.

**ANSWER:**     **Defendant denies the allegations and factual conclusions in this paragraph and denies that Plaintiff has suffered any damages as asserted or to the extent alleged.**

WHEREFORE, Defendant, StarCorp, LLC, prays that this Honorable Court enter judgment in its favor and against the Plaintiff, Lucy Keller, denying and dismissing Count III of her Complaint, with costs assessed against the Plaintiff, and any other relief to which this Court deems equitable and just.

## AFFIRMATIVE DEFENSE

Defendant, StarCorp, LLC, by its attorneys, Kristine S. Phillips and Amanda A. Walsh of O'Hagan Meyer LLC, for its Affirmative Defense to Plaintiff's Complaint, states as follows:

To the extent Plaintiff is not actively looking for new employment or failed to timely look for new employment to mitigate her alleged damages, then Plaintiff's damages, if any she had, are barred by Plaintiff's failure to mitigate her damages or Plaintiff's damages are subject to decrease by Plaintiff's failure to timely mitigate her damages. *Graefenhain v. Pabst Brewing Co.*, 870 F.2d

1198, 1202 (7th Cir. 1989); *Payne v. Security Savings & Loan Assoc.*, 924 F.2d 109, 111 (7th Cir.

1991).

WHEREFORE, StarCorp, LLC, prays that this Honorable Court enter judgment in its favor

and against the Plaintiff, Lucy Keller, on its Affirmative Defense denying and dismissing her

Complaint, with costs assessed against the Plaintiff, and any other relief to which this Court deems

equitable and just.

DATED:  December 4, 2023                   Respectfully submitted:

                                          StarCorp, LLC

                                          By: /s/ *Kristine S. Phillips*
                                          One of its attorneys

Kristine S. Phillips
Amanda A. Walsh
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone:  312.422.6100
Facsimile:  312.422.6110
kphillips@ohaganmeyer.com
awalsh@ohaganmeyer.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 4th day of December, 2023, I electronically filed **Defendant's Answer and Affirmative Defense to Plaintiff's Complaint** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

### <u>ATTORNEY FOR PLAINTIFF:</u>
Mohammed Badwan
Marwan R. Daher
Sulaiman Law Group
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
mbadwan@sulaimanlaw.com
mdaher@sulaimanlaw.com

/s/ *Kristine S. Phillips*
Kristine S. Phillips
Amanda A. Walsh
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone:  312.422.6100
Facsimile:  312.422.6110
kphillips@ohaganmeyer.com
awalsh@ohaganmeyer.com